# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL GARDNER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13 C 7623 |
| | ) | |
| v. | ) | Judge Amy J. St. Eve |
| | ) | |
| THOMAS J. DART, SHERIFF OF COOK | ) | |
| COUNTY,, COOK COUNTY, and | ) | |
| TIMOTHY EVANS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court grants Defendants' motion to dismiss [30] and dismisses this lawsuit in its entirety. All pending dates and deadlines are stricken.

## STATEMENT

On March 31, 2014, pro se Plaintiff Michael Gardner filed the present Second Amended Complaint against the Sheriff of Cook County Thomas Dart, Cook County, and the Honorable Timothy Evans, Chief Judge of the Circuit Court of Cook County, for violating his constitutional rights. *See* 42 U.S.C. § 1983. Before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] For the following reasons, the Court grants Defendants' motion. The Court also dismisses Defendant Evans from this lawsuit for these same reasons.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff,* 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim

---

[1] Plaintiff's response brief was due on or before May 21, 2014. To date, Plaintiff has failed to file his response.

to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013).

## BACKGROUND

Construing his pro se allegations liberally, *see Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013), Plaintiff alleges that on September 4, 2013, he and his family entered the Cook County Jail where Cook County Sheriff's Deputies unlawfully searched them.[2] (R. 27, Second Am. Compl. ¶ 1.) Specifically, the Sheriff's Deputies told Plaintiff that he could not bring his cellular devices into the Cook County Jail. (*Id.* ¶ 2.) Thereafter, Plaintiff went to a room where he spoke with three Deputy Sheriffs concerning Plaintiff's relative who was detained in the Cook County Jail. (*Id.* ¶ 3.) Plaintiff alleges that these individuals improperly searched him at that time. (*Id.*)

Likewise, on October 2, 2013, Plaintiff alleges that he entered the Cook County Jail at which time Sheriff's Deputies would not allow him to bring his cellular telephone into the building. (*Id.* ¶ 4.) Thereafter, Plaintiff had to place his cellular telephone "into a machine" that cost $3.00. (*Id.*) Further, another Sheriff's Deputy told him he could not bring paper into the building. (*Id.*) Similarly, on November 6, 2013, Plaintiff alleges that he attempted to enter Cook County Jail and that Sheriff's Deputies made him put his cellular telephone in a vending machine. (*Id.* ¶ 5.) Again, Plaintiff had to spend $3.00 to store his cellular telephone.

## ANALYSIS

First, it is well-established that "a plaintiff must plead that each government official Defendant, through the official's own individual actions, has violated the constitution." *Iqbal,* 556 U.S. at 676. Because Plaintiff has had several opportunities to alleged that Defendants Dart and Evans had personal involvement in the deprivation of his constitutional rights, yet has failed to do so, any claims against Defendants Dart and Evans in their individual capacities must fail. *See Minix v. Canarecci,* 597 F.3d 824, 833-34 (7th Cir. 2010) ("individual liability under § 1983 requires personal involvement in the alleged constitutional deprivation.") (citation, internal quotations omitted).

Next, Plaintiff sues Defendants Dart and Evans in their official capacities, which means the lawsuit is against the governmental agencies that employ them. *See Kentucky v. Graham,* 473 U.S. 159, 165-66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). As such, to sufficiently allege an official capacity claim against Defendants Dart and Evans, as well as Cook County, Plaintiff

---

[2] Because a pro se plaintiff cannot bring lawsuits on behalf of anyone except himself, the Court will not address Plaintiff's allegations pertaining to his family. *See Georgakis v. Illinois State Univ.,* 722 F.3d 1075, 1077 (7th Cir. 2013).

must allege "the existence of an 'official policy' or other governmental custom that not only causes but is the 'moving force' behind the deprivation of constitutional rights." *Teesdale v. City of Chicago,* 690 F.3d 829, 833-34 (7th Cir. 2012). Construing Plaintiff's pro se allegations liberally, Plaintiff maintains that Defendants' policy of prohibiting citizens from taking their cellular telephones into the Cook County Jail is a wrongful official policy or custom. Plaintiff's allegations, however, do not amount to a constitutional violation.

Because of the need for safety and security, penal institutions can impose limitations on visitors. *See Shell v. United States,* 448 F.3d 951, 956 (7th Cir. 2006); *Neumeyer v. Beard,* 421 F.3d 210, 214 (3d Cir. 2005); *see also Bell v. Wolfish,* 441 U.S. 520, 547-48, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979) ("Prison administrators ... should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."). Prison visitors, for example, "can be subjected to some searches, such as a pat-down or a metal detector sweep, merely as a condition of visitation." *Spear v. Sowders*, 71 F.3d 626, 630 (6th Cir. 1995). To determine the reasonableness of the limitations placed on visitors, courts balance the degree of the intrusion on the visitor against the jail's need to preserve institutional security. *See Shell,* 448 F.3d at 956; *Romo v. Champion,* 46 F.3d 1013, 1018 (10th Cir. 1995). Under the circumstances, considering the minor inconvenience to Plaintiff that he could not take his cellular telephone into the Cook County Jail balanced against the jail's need to maintain safety and security, Plaintiff cannot establish any constitutional violations under the circumstances.

**Dated:** June 9, 2014

_____
**AMY J. ST. EVE**
**United States District Court Judge**